IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>CREDO EMMANUEL CREDOLAWSON,<br><br>    Debtor. | Case No. 14-64087-WLH<br><br>Chapter 7 |
| HOMELAND GROUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CREDO EMMANUEL CREDOLAWSON,<br><br>    Defendant. | Adversary No. 14-5336 |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Credo Emmanuel Credolawson ("Mr. Credolawson"), Defendant in the above-styled action, and hereby files this Response in Opposition to the Plaintiff's Motion for Summary Judgment, respectfully showing this Honorable Court as follows:

**A.  HOMELAND'S RESPONSE TO MR. CREDOLAWSON'S MOTION FOR SUMMARY JUDGMENT IS NOT TIMELY**

As a preliminary matter, Homeland's brief states that it is both in support of its own motion, and in opposition to Mr. Credolawson's Motion for Summary Judgment. However, Mr. Credolawson filed his Motion for Summary Judgment on November 17, 2015. *See* [Docs. 13, 14, 15]. Pursuant to BLR 7001-1(c), "the time to respond to a motion for summary judgment shall be 21 days," and the "[f]ailure to file a response shall indicate no opposition to the motion."

1

Accordingly, to the extent that Homeland's brief serves as a response, it is untimely and this Court should consider Mr. Credolawson's Motion for Summary Judgment to be unopposed.

**B.    HOMELAND HAS NOT INTRODUCED ANY ADMISSIBLE EVIDENCE IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

When Homeland's Motion for Summary Judgment is viewed independently, and not as a response brief, it is clear that Homeland has failed to satisfy its burden under Fed. R. Civ. P. 56. *See Cal. Union Ins. Co. v. Liberty Mut. Ins. Co.*, 920 F. Supp. 908, 918 (N.D. Ill.) *amended*, 930 F. Supp. 320 (N.D. Ill. 1996) *abrogated on other grounds by Prisco Serena Sturm Architects, Ltd. v. Liberty Mut. Ins. Co.*, 126 F.3d 886 (7th Cir. 1997) ("The court must evaluate each party's motion on its own merits, resolving all factual uncertainties and drawing all reasonable inferences against the party whose motion is under consideration."). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (internal quotation omitted). In situations where "statements of fact are not accompanied by citations to record excerpts," courts have declined to "accept counsel's representations of fact and will not independently examine uncited portions of the record in search of support for a particular proposition." *Dexter v. Amedisys Home Health, Inc. of Alabama*, 965 F. Supp. 2d 1280, 1285 (N.D. Ala. 2013) (citing *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 672 (10th Cir. 1998); *Nieves v. University of Puerto Rico,* 7 F.3d 270, 276 (1st Cir. 1993)).

It must be noted at the outset that Homeland has failed to cite to any evidence or other material in the record in support of its Motion for Summary Judgment. In order to prevail on a

motion for summary judgment, the moving party must meet the requirements set forth in Fed. R. Civ. P. 56, which is made applicable to adversary proceedings in bankruptcy courts through Fed. R. Bankr. P. 7056. Fed R. Civ. P. 56(c)(1) provides that

> A party asserting that a fact cannot be . . . disputed *must support the assertion* by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(emphasis added). "The court need consider only the cited materials." Fed. R. Civ. P. 56(c)(3).

In order to assist courts in determining whether material facts are undisputed for the purposes of summary judgment, L.R. 56.1(B)(1) (N.D. Ga.) sets forth the following requirements:

> A movant for summary judgment shall include with the motion and brief a separate, concise, numbered statement of the material facts to which the movant contends there is no genuine issue to be tried. Each material fact must be numbered separately and *supported by a citation to evidence proving such fact*. The court will *not consider any fact*: (a) *not supported by a citation to evidence* (including page or paragraph number) . . .

(emphasis added). Although LR 56.1(B)(1) is a local rule of the district court, BLR 1001-3 provides that the local rules of this Court supplement the local rules of the district court. L.R. 56.1(b)(2)(a)(2) adds:

> This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1B(1).

Finally, B.L.R. 7056-1(a)(3) clearly states that "[a]ll documents and other record materials relied upon by a party moving for . . . summary judgment *shall be clearly identified* for

3

the Bankruptcy Court. Where appropriate, dates and specific page numbers shall be given" (emphasis added).

Here, Homeland has not complied with Fed. R. Civ. P. 56, Fed. R. Bankr. P. 7056, L.R. 56.1(b)(1), or B.L.R. 7056-1, nor has it borne "the initial responsibility" contemplated in *Celotex*. In fact, Homeland's Statement of Facts is utterly devoid of any citation to the record at all. *See* [Doc. 19]. Because Homeland has neither cited to "particular parts of materials in the record" to support the facts it has alleged as undisputed or to show that such materials "do not establish the absence or presence of a genuine dispute," nor shown that Mr. Credolawson "cannot produce admissible evidence to support the fact," pursuant to Fed. R. Civ. P. 56(c)(1), it has failed to carry its burden in establishing a lack of genuine issues of material facts. Accordingly, this Court should deny Homeland's Motion for Summary Judgment.

C. **HOMELAND HAS FAILED TO ESTABLISH THAT THE FINAL JUDGMENT FROM THE STATE COURT LITIGATION HAS PRECLUSIVE EFFECT IN THE PRESENT ACTION**

Aside from the procedural defects in Homeland's Motion for Summary Judgment, Homeland is unable to succeed as a matter of law upon the single substantive argument its sets forth – namely, that the Final Judgment from the State Court Litigation was "a final and binding judgment," *see* [Doc. 18], p. 5, and therefore the judgment debt is non-dischargeable in Mr. Credolawson's underlying bankruptcy case under 11 U.S.C. § 523(a)(2)(A) and (a)(6). In other words, Homeland is seeking to have the Final Judgment given preclusive effect in this case. However, as a matter of law, the Final Judgment does not carry preclusive effect.

A plaintiff in a non-dischargability adversary proceeding "bears the burden of proving that a debtor is not entitled to a discharge," and "must prove its case by a preponderance of the evidence." *Advantage Leasing Corp. v. Moss (In re Moss)*, No. 04-79701-MGD, 2006 WL

4

6589913, at *2 (Bankr. N.D. Ga. Mar. 31, 2006) (citations omitted). Furthermore, "since a general discharge facilitates a debtor's 'fresh start,' one of the primary purposes of bankruptcy law, the discharge provisions must be construed liberally in favor of the debtor and strictly against the objecting creditor." *Id.* (quoting *In re Love*, 577 F.2d 344, 349 (5th Cir. 1978)) (citation omitted).

In its brief, Homeland makes no attempt to affirmatively show that the Final Judgment is entitled to preclusive effect. Instead, it argues only against the position advanced by Mr. Credolawson in his own summary judgment motion. That argument is that the Final Judgment is not, in fact, final, because Mr. Credolawson filed a timely Motion for Reconsideration, which should be construed as a Motion for New Trial, tolling the time to file an appeal. As such, under Georgia's doctrine of *res judicata*, the Final Judgment was never final, as Mr. Credolawson filed for bankruptcy while the Motion for Reconsideration was pending.

In its attempt to respond to Mr. Credolawson's position, Homeland makes the flawed argument that

> Defendant's reliance on *Interest of C.I.W.* is misplaced because the mother in that case, unlike the Defendant in this case, filed a "motion for reconsideration and/**or motion for new trial in the alternative**" (emphasis added) and asserted that "the judgment is 'inconsistent with the evidence and unsupported thereby' and 'contrary to law". Id. at 483. Unlike the mother in *C.I.W.*, the Defendant in this case in his motion for reconsideration simply restated his interpretation of the evidence presented at trial and re-argued the case asking the trial court to reconsider the evidence and agree with his view of the evidence. There is no assertion in his motion for reconsideration that the Final Judgment is inconsistent with the evidence, supported by the evidence and/or contrary to Georgia law.

*Id.* at pp. 4-5. This argument is incorrect for three principal reasons.

First, despite Homeland's attempt to emphasize the alternative title of the motion in *Interest of C.I.W.*, Georgia law remains clear that substance of the motion trumps whatever nomenclature was assigned thereto by the author. *See Marshall v. State*, 229 Ga. 841, 843, 195

5

S.E.2d 12, 13 (1972) ("[T]here is no magic in mere nomenclature, even in describing pleadings . . . . Under our rules of pleading substance, not mere nomenclature, controls"); *Marshall v. Gatison*, 197 Ga. App. 370, 370, 398 S.E.2d 429, 430 (1990) ("The substance of a pleading and not mere nomenclature determines its nature"); *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266, 491 S.E.2d 471, 473 (1997) ("It is well established that pleadings, motions and orders are to be construed according to their substance and function and not merely as to their nomenclature, being always mindful to construe such documents in a manner compatible with the best interest of justice"). Thus the mere fact that the February 11, 2014, Motion filed by Mr. Credolawson is not styled as a "Motion for New Trial in the Alternative" does not have any effect on whether it can be distinguished from *Interest of C.I.W.*

Second, Homeland's argument that Mr. Credolawson's Motion for Reconsideration "simply restated his interpretation of the evidence presented at trial and re-argued the case asking the trial court to reconsider the evidence and agree with his view of the evidence" but did not assert "that the Final Judgment is inconsistent with the evidence, supported by the evidence and/or contrary to Georgia law," is disingenuous. In "restat[ing] his interpretation of the evidence" and "re-argu[ing] the case," as Homeland alleges, Mr. Credolawson was effectively arguing that the judgment was contrary to evidence or decidedly and strongly against the weight of the evidence – two possible grounds for a new trial under O.C.G.A. § 5-5-20 and § 5-5-21, respectively. Because it is the ***substance*** of the motion that matters, the Motion for Reconsideration is substantively a motion for new trial. As such, the Motion for Reconsideration tolled the time for appeal of the Final Judgment, and the Final Judgment is neither final nor binding, and thus not entitled to preclusive effect.

Third, "the party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." *Celotex*, 477 U.S. at 322 (1986) (citations omitted) (emphasis in original). "Under Rule 56(e), when a party moving for summary judgment offers evidence demonstrating the absence of genuine issues of material fact, the nonmoving party may not rest on its pleadings but must counter with evidence showing there is a material factual issue for trial." *Lawyers All. for Nuclear Arms Control-Philadelphia Chapter v. Dep't of Energy*, 766 F. Supp. 318, 323 (E.D. Pa. 1991). "A party responding to a summary judgment motion *need not come forward with evidence unless the motion itself is so supported*." *Id.* at 324 (citing Fed. R. Civ. P. 56(e); *Adickes v. Kress,* 398 U.S. 144, 155 (1969)) (emphasis added).

Here, Homeland is making arguments based on the substance of a document which it has not attached to its Motion for Summary Judgment, nor has it cited in its Statement of Facts. In other words, as the moving party, Homeland has not "met its burden of coming forward with proof of the absence of any genuine issues of material fact" as related to Mr. Credolawson's Motion for Reconsideration, and therefore Mr. Credolawson need not respond. As such, this Court should find that Homeland's Motion for Summary Judgment is unsupported by evidence demonstrating the absence of genuine issues of material fact, and should thus be denied.

## **CONCLUSION**

For the foregoing reasons, Mr. Credolawson respectfully requests that this Court deny Homeland's Motion for Summary Judgment.

Respectfully submitted, this 11th day of January, 2016.

> */s/ Bret J. Chaness*
> BRET J. CHANESS (GA Bar # 720572)
> **RUBIN LUBLIN, LLC**
> 3740 Davinci Court, Suite 150
> Peachtree Corners, GA 30092
> (678) 281-2730 (Telephone)
> (404) 921-9016 (Facsimile)
> bchaness@rubinlublin.com
>
> *Attorney for Credo Emmanuel Credolawson*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 11th day of January, 2016, served counsel for the Plaintiff in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Salu K. Kunnatha
P.O. Box 29568
Atlanta, GA 30359

*/s/ Bret J. Chaness*
BRET J. CHANESS (GA Bar No. 720572)