**IT IS ORDERED as set forth below:**



Date: February 26, 2016

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO. 14-64087-WLH |
| ) | |
| CREDO EMMANUEL CREDOLAWSON, ) | CHAPTER 7 |
| a/k/a Emmanuel Lawson, ) | |
| ) | JUDGE WENDY L. HAGENAU |
| Debtor. ) | |
| ) | |
| ) | |
| HOMELAND GROUP, LLC, ) | |
| d/b/a Homeland Group Real Estate Services, ) | |
| a Georgia Limited Liability Company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. PROC. NO. 14-5336 |
| ) | |
| CREDO EMMANUEL LAWSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on the cross-motions for summary judgment of the parties in this dischargeability action under 11 U.S.C. § 523. The Court has jurisdiction over this matter

1

pursuant to 28 U.S.C. §§ 157 and 1334 and this matter is a core matter pursuant to 28 U.S.C. § 157(b)(2)(I).

## UNDISPUTED FACTS

Each party has submitted a statement of facts which each contends are undisputed. The Defendant has submitted a response to the Plaintiff's Statement of Undisputed Facts, but the Plaintiff has not submitted any response to the Defendant's Statement of Undisputed Facts. Pursuant to BLR 7056-1(a)(2), a respondent to a motion for summary judgment must respond to each separately numbered statement of undisputed facts. The rule provides, "All material facts contained in the moving party's statement that are not specifically controverted in respondent's statement shall be deemed admitted." Since Plaintiff did not respond to Defendant's Statement of Material Facts, the Court will deem them admitted. As a practical matter, there are no factual disputes about the history of the case or the entry of the prior judgment. The only facts in the Defendant's Statement of Material Facts which are not addressed by the Plaintiff in its Statement of Facts are items 17 and 18, which relate to the merits of the action as opposed to the collateral estoppel effect of the prior action.

On August 16, 2007, Defendant Credo Credolawson ("Defendant" or "Credolawson") and Lisa Challenger entered into an exclusive Buyer Brokerage Agreement ("Brokerage Agreement") with Homeland Group LLC ("Plaintiff" or "Homeland"). The Brokerage Agreement expired by its terms on December 31, 2007 and provided for the payment of a 3% commission on all real property in Georgia which Credolawson purchased or contracted to purchase during the term of the agreement. The Brokerage Agreement also provided that, if Credolawson leased property or entered into a lease/purchase contract during the term of the Brokerage Agreement, Credolawson would pay the broker for the duration of the lease and any renewal or extension thereof a commission of 10% of each rental payment made. Subsequently,

2

on August 22, 2007, Credolawson and Lisa Challenger entered into a lease/purchase agreement for property located at 560 Clearwater Place, Lawrenceville, Georgia. The lease/purchase agreement included an option agreement which provided that Credolawson and Ms. Challenger had until July 31, 2008 to decide whether to proceed with purchasing the property. If the option was not exercised by that date, the tenants would have no obligation to purchase the property. On May 25, 2008, Mr. Credolawson and Lisa Challenger signed an amendment to the lease/purchase agreement which among other things extended the option to purchase from July 31, 2008 to July 31, 2009. By letter dated June 10, 2009, Credolawson informed the seller that he would allow the lease/purchase agreement to expire on July 31, 2009 and would not be exercising his option to purchase the property. However, on August 21, 2009, the same property was purchased by Credolawson and Shantel Credolawson-Darras as joint tenants. Homeland demanded payment of commissions and then filed suit against Credolawson in the State Court of Gwinnett County on January 12, 2012 for breach of contract, fraud and deceit, attorney's fees and punitive damages.

On January 30, 2014, the state court entered a document titled "Final Judgment" granting judgment in favor of Homeland and against Credolawson in the amount of $5,730 as sales commissions, $2,880 as rental commissions, and $3,000 attorney's fees, plus court costs and $10,000 in punitive damages. On February 11, 2014, Credolawson filed a motion in the state court entitled "Motion for Reconsideration" arguing, among other things, that the Brokerage Agreement had expired and that even the 180-day extension of the broker's protection had expired on June 29, 2008, before the property was purchased. The motion also argued that the evidence was insufficient to support any finding of fraud or bad faith. While this motion was pending, Credolawson filed his voluntary bankruptcy petition under Chapter 7 of the United States Bankruptcy Code on July 22, 2014. On September 11, 2014, an order denying the motion

3

for reconsideration was entered by the state court, although no party had obtained relief from the automatic stay for the litigation to proceed.

Homeland filed this adversary proceeding on October 22, 2014, alleging that the judgment obtained in the state court litigation against Credolawson was non-dischargeable under 11 U.S.C. § 523(a)(2). The parties' cross-motions for summary judgment followed.

## CONCLUSIONS OF LAW

*Summary Judgment*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. When reviewing a motion for summary judgment, a court must examine the evidence in the light most favorable to the nonmoving party and all reasonable doubts and inferences should be resolved in favor of the nonmoving party. Hairston, 9 F.3d at 918.

*Technical Issues Raised by the Defendant*

Credolawson argues that Homeland's response to his motion for summary judgment is not timely and should therefore be disregarded. Under BLR 7056-1, Homeland's response to Credolawson's motion for summary judgment should have been filed within 21 days. Instead,

4

the response was filed 30 days after the filing of the motion for summary judgment. Credolawson is correct that the response is untimely and the Court may choose to ignore it. Because Homeland filed its own motion for summary judgment and brief in support thereof which address the same issues as those raised by Credolawson, the Court will consider Homeland's motion for summary judgment and brief as also being a response to Credolawson's motion for summary judgment. The delay in filing is not harmful to either party or to the Court.

Next, Credolawson alleges that Homeland did not cite to any particular evidence in the record in connection with its motion for summary judgment. Again, Credolawson is correct that this was required. However, Fed. R. Bankr. P. 7056(c)(3) allows the Court to consider all materials in the record. All of the relevant documents were submitted by Credolawson in support of his motion for summary judgment and there is certainly no harm in considering those matters in deciding both Homeland's and Credolawson's motions for summary judgment.

*Order Denying Motion for Reconsideration Is Void*

It is undisputed that the state court's order denying the motion for reconsideration was entered after Credolawson filed his bankruptcy petition. Under 11 U.S.C. § 362, the stay automatically applies to the continuation of any efforts by any party to collect on pre-petition debts or to continue pre-petition litigation, subject to certain exceptions not applicable here. "Any orders or judgments entered in violation of [an] automatic stay are void; they are deemed without effect and rendered an absolute nullity." Miller v. Lomax, 333 Ga. App. 402, 404 (2015) (cites omitted). See also McKeen v. Fed. Deposit Ins. Corp., 274 Ga. 46, 48 (2001); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982); Albany Partners, Ltd. v. Westbrook (In re Albany Partners), 749 F.2d 670, 675 (11th Cir. 1984). Based on the foregoing, the order denying Credolawson's motion for reconsideration is void.

5

*Preclusiveness of State Court Judgment*

Homeland argues that the judgment from the state court is entitled to collateral estoppel effect. The doctrine of collateral estoppel seeks "to prevent the re-litigation of issues previously contested and determined by a valid and final judgment in another court." Newton v. Lemmons (In re Lemmons), 2005 WL 6487216, at *2 (Bankr. N.D. Ga. 2005). The doctrine of collateral estoppel applies to non-dischargeability proceedings. See Grogan v. Garner, 498 U.S. 279, 284 n. 11 (1991). When reviewing a state court judgment under the doctrine of collateral estoppel, "a federal court must accord the judgment the same preclusive effect as it would be given under the law of the state in which the judgment was rendered." Lemmons, 2005 WL 6487216, at *2.

This Court must, therefore, turn to Georgia law to determine the preclusive effect of the "Final Judgment" against Credolawson. See Hebbard v. Camacho (In re Camacho), 411 B.R. 496, 501 (Bankr. S.D. Ga. 2009). Under Georgia law, a party may only assert the doctrine of collateral estoppel when the following elements have been satisfied: (1) identity of the parties is the same; (2) identity of the issues is the same; (3) actual and final litigation of the issue in question occurred; (4) the adjudication was essential to the earlier action; and (5) the parties had a full and fair opportunity to litigate the issues in question. See Lemmons, 2005 WL 6487216, at *2.

Here, there is no question that the parties are the same, the parties had a full and fair opportunity to litigate, and many of the issues decided in the state court judgment are the same as would be decided here. What Credolawson argues, however, is that the "Final Judgment" is not final because a motion for reconsideration was pending.

Under Georgia law, a judgment is not final, for purposes of collateral estoppel, unless all rights to appeal have been exhausted. See Cox v. Mayan Lagoon Estates, Ltd., 319 Ga. App.

101, 108 (2012). While there is contrary authority,[1] the most recent Georgia cases have supported the conclusion that a judgment is not final "as long as there is a right to appellate review." Greene v. Transport Ins. Co., 169 Ga. App. 504, 506 (1984) (cites omitted). In In re Houser, the Bankruptcy Court held that a Georgia state court judgment could not be given preclusive effect because the plaintiff failed to present any "evidence or argument that [the] debtor ha[d] exhausted his rights to appellate review," and thus failed to establish that the jury verdict was a final judgment. In re Houser, 458 B.R. 771, 778-79 ( Bankr. N.D. Ga. 2011). The court held that, under Georgia law, "[f]inal means 'a case in which a judgment has been rendered, the availability of appeal exhausted, and the time for a petition of certiorari elapsed or a petition for certiorari finally denied.'" Id. at 778 (quoting Hurt v. Norwest Mtg., 260 Ga. App. 651, 658 n.22 (2003)). The Eleventh Circuit has recently held the same:

> Georgia's general rule is: '[A] judgment sought to be used as a basis for the application of the doctrine of res judicata or collateral estoppel *must be a final judgment*. In Georgia, a judgment is suspended when an appeal is entered within the time allowed. And *the judgment is not final as long as there is a right to appellate review*.' Greene v. Transp. Ins. Co., 169 Ga. App. 504, 513, 313 S.E.2d 761, 763 (1984). 'Georgia is apparently, among the minority of states that treat a lower court judgment on appeal as not final for purposes of collateral estoppel or res judicata.' Cox v. Mayan Lagoon Estates, Ltd., 319 Ga. App. 101, 108, 734 S.E.2d 883 (2012).

Ames v. J.P. Morgan Chase Bank, N.A., 623 F. App'x 983, 986 (11th Cir. 2015) (emphasis in original).

In this case, the judgment will not be considered a final judgment for purposes of collateral estoppel if Credolawson still has a right to appellate review. A notice of appeal must

---

[1] See Pope v. Shipp, 38 Ga. App. 483, 144 S.E. 345 (1928) (The Georgia Court of Appeals held that "[a] judgment of a court stands with full force and efficacy until it has been reversed or set aside. The mere pendency of a motion for new trial can in no way affect the force and efficacy of the judgment to which the motion relates."). See also In re Williams, 282 B.R. 267, 273-74 (Bankr. N.D. Ga. 2002) (holding that Georgia courts are split on the question of whether a judgment subject to appeal is given preclusive effect, but concluding that a pending JNOV Motion "does not defeat the finality of the Verdict and Judgment for collateral estoppel purposes"); O.C.G.A. § 9-12-40 ("A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.").

be filed within 30 days of judgment unless a "motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed". O.C.G.A. § 5-6-38. In that event, the time to appeal is 30 days from entry of an order disposing of the motion. Id.[2] A motion for arrest of judgment only applies in criminal matters, Daniels v. McRae, 180 Ga. App. 732, 733 (1986), and a motion for judgment notwithstanding the verdict only applies if the party moved for directed verdict in a jury trial. See O.C.G.A. § 4-11-50.[3] Neither is applicable here. The finality of the state court judgment therefore depends on whether Credolawson's state court motion is construed as a motion for reconsideration or a motion for new trial. If the court construes Credolawson's motion as one for reconsideration, then the time for filing a notice of appeal has expired and there is no longer a right to appellate review. On the other hand, if the court construes the motion as one for new trial, then the time to appeal has not yet expired since no valid order disposing of the motion exists.

Georgia courts have long established that the nomenclature of a motion does not control. See Girtman v. Girtman, 191 Ga. 173, 180 (1940) ("there is no magic in mere nomenclature"). Instead, courts look to the substance and function of the pleading. See Holloway v. Frey, 130 Ga. App. 224 (1963); Underwood v. D.C. Heath & Co., 64 Ga. App. 180 (1940) ("[t]he character and classification of a motion depends on the intrinsic contentions of the motion, its recitation of fact, the nature of the wrong sought to be corrected, and the quality of remedy sought to be invoked"); The Hudson Trio, LLC v. Buckhead Community Bank, 304 Ga. App. 324, 326 (2010) ("We construe a pleading to serve the best interests of the pleader, and judge it by its function rather than by name."). Further, O.C.G.A. § 9-11-8(f) states that "[a]ll pleadings shall be so

---

[2] Other methods exist to challenge a judgment, see O.C.G.A. § 9-11-60 and Piggly Wiggly Southern Inc. v. McCook, 216 Ga. App. 335, 336-37 (1995), but only those identified in O.C.G.A. § 5-6-38 toll the time for appeal.
[3] A motion for directed verdict in a non-jury trial is procedurally incorrect. Such a motion is treated as a motion for an involuntary dismissal under O.C.G.A. § 9-11-41(b). See Drake v. Wallace, 259 Ga. App. 111, 112 (2003); Chamlee v. DOT, 182 Ga. App. 120, 120-21 (1987).

construed as to do substantial justice." For example, In <u>In Interest of C.I.W.</u>, a party filed a motion titled "Motion for Reconsideration of Judgment and/or Motion for New Trial in the Alternative" which stated that the judgment was "inconsistent with the evidence and unsupported thereby" and "contrary to law." <u>In Interest of C.I.W.</u>, 229 Ga. App. 481, 483 (1997). Paying little attention to the title, the court held that the motion was in substance a motion for new trial and thus should be treated as one. <u>Id.</u> ("[a] motion for new trial is a proper vehicle in which to challenge a judgment on the basis that it is inconsistent with the evidence presented and therefore contrary to law").

Since the nomenclature is not controlling, Credolawson's motion must function as a motion for new trial in order for the Court to construe it as one. A motion for new trial is a specific motion used to request a retrial, in the same court, of an issue of fact after a decision by the court or a jury. See <u>Gully v. Glover</u>, 190 Ga. App. 238, 239 (1989); <u>Sunn v. Mercury Marine</u>, 166 Ga. App. 567, 568-569 (1983); Richard C. Ruskell, Davis and Shulman's Georgia Practice and Procedure, § 24.1 (2015-2016 ed.) (a motion for new trial is "an application for a retrial on the facts of a case"). <u>See also</u> O.C.G.A. § 9-11-60(c) ("A motion for new trial must be predicated upon some intrinsic defect which does not appear upon the face of the record or pleadings."). In <u>Underwood</u>, the court held that a motion in arrest of judgment was a motion for new trial because it sought to "recall and revoke the verdict in the case and thus annul the judgment which is based upon such a verdict, in order that there may be a new trial on the issue of the sufficiency of the evidence." 64 Ga. App. 180. In <u>Turner v. Bynum</u>, one of the parties filed a motion for new trial which challenged, among other things, the trial court's factual finding that the settlement agreement between the two parties was final. 255 Ga. App. 173, 175 (2002). The court held this to be a proper motion for new trial because a "motion for new trial cannot be used *solely* to object to the trial court's legal conclusions." <u>Id.</u> (emphasis added). <u>See</u>

also Hon. Hardy Gregory, Jr., Georgia Civil Practice, Ch. 7, § 7.05 (3rd ed. Matthew Bender) ("a motion for new trial goes only to the verdict and reaches only those errors of law and fact that may have been attributed to the rendition of the verdict"). In Sunn, the court addressed the reason behind this:

> The reason for the rule that a motion must go to the findings of fact is that a new trial is necessarily authorized only where errors occurred which might have affected the finding of the trier of fact; where it is only the judgment thereon which is alleged to be erroneous or illegal, this alludes to a matter of law only and there is no need for a new trial, but the party must merely take direct exception at the proper time.

Sunn, 166 Ga. App. 567, 568-69 (1983) (citations and punctuation omitted). But see Georgia Appellate Practice Handbook § 11:3 (7th ed. 2012) (discussing when a motion for new trial is not proper).

Here, Credolawson's motion challenged the verdict of the state court judge on a factual and legal basis. Credolawson asserted in his motion that the evidence did not support a conclusion of fraud because the brokerage agreement had long since expired when he purchased the property from the owner. Like the party in Turner, Credolawson did not solely object to the state court's legal conclusions, but also asserted that the court's factual findings were inconsistent with the evidence presented. Thus, because Credolawson asserted, among other things, that the factual findings show no misconduct on his behalf, he has properly addressed a factual finding and not solely a legal conclusion.

This Court concludes Credolawson's "Motion for Reconsideration" was a motion for new trial which tolled the time to appeal. As such, the state court judgment is not final and is not entitled to collateral estoppel effect.

*Request for Summary Judgment on the Facts*

Credolawson asserts that the facts alleged do not, as a matter of law, support a possible judgment for Homeland as to the non-dischargeability of the debt.  Credolawson's argument relies upon two interrogatory responses to the effect:

- Defendant's subsequent actions show his so-called Termination Letter was "deceitful" and "misleading", and

- Homeland relied on the Brokerage Agreement, the Termination Letter and Defendant's false representations and Plaintiff was cheated out of its commission.

Credolawson asserts that these two statements show there is no dispute and that the debt is dischargeable as a matter of law.

The Court disagrees.  It is clear from the discovery responses that Homeland asserts the purchase of the property within 75 days of the Termination Letter is evidence the Termination Letter was false at the time it was sent.  Homeland asserts the evidence would support a finding of false representation, false pretenses or actual fraud.  Without making any findings of fact, the evidence before the Court creates an issue of fact as to the Defendant's intent and only a trial on the merits can resolve that issue.

## CONCLUSION

The state court judgment is not final and is not entitled to preclusive effect and Credolawson's Motion for Summary Judgment is granted to this extent and Homeland's Motion for Summary Judgment is denied.  Issues of fact remain, however, and Credolawson's Motion for Summary Judgment in his favor as a matter of law is denied.

**### END OF ORDER ###**

**DISTRIBUTION LIST**

Salu Kunnatha
P.O. Box 29568
Atlanta, GA 30359

Amit Patel
4800 Streamside Drive
Alpharetta, GA 30022

Bret J. Chaness
Rubin Lublin, LLC
3740 Davinci Court, Suite 150
Peachtree Corners, GA 30092